Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 50219 | DATE | 11/16/2004 |
| CASE TITLE | Christensen vs. Boone County | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse memorandum opinion and order, the court grants defendants' motion to dismiss and dismisses this cause in its entirety.

*Philip G. Reinhard*

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | 11-18-04 date docketed | 10 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | docketing deputy initials | |
| ✓ | Mail AO 450 form. | 11-17-04 date mailed notice | |
| ✓ | Copy to judge/magistrate judge. | | |
| LC courtroom deputy's initials | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Anita Christensen and Robert Alty, filed a four-count, amended complaint against defendants, Boone County (County) and Edward Krieger, a deputy sheriff in Boone County. It is alleged that Krieger, who has had prior altercations (not the subject of this action) with Alty, a City of Belvidere police officer, has engaged in a "pattern of on-duty conduct designed to harass, annoy, and intimidate" both plaintiffs, who are in an intimate, dating relationship with each other. Specifically, plaintiffs allege that Krieger has repeatedly followed plaintiffs while they were driving, has repeatedly parked his squad car near Christensen's workplace and surveilled and monitored her activities, has abandoned service calls and traffic stops to follow plaintiffs, has parked his squad car outside of businesses that plaintiffs patronize, and has engaged in "other incidents" designed to harass, annoy, or intimidate plaintiffs. Plaintiffs have also asserted in their response brief that Krieger's surveillance of Christensen at her workplace has been so frequent that she and her store manager wrote a letter to the sheriff complaining and characterizing Krieger's conduct as "stalking." It is further asserted that Krieger has enticed a civilian to complain about Alty, made statements to fellow officers that he would "dig up some dirt on Alty," and conducted an illegal search of a third-party's cell phone in an effort to see if the third-party had been talking to Alty.

Plaintiffs allege in Count I, pursuant to 42 U,.S.C. § 1983, a claim based on the County's failure to train, monitor, supervise, and discipline Krieger. In Count II, plaintiffs allege that Krieger violated their right of privacy, their freedom of association, their freedom from unlawful searches and seizures, as well as their substantive due process rights. Plaintiffs also refer to the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution in support of their claims. Count III is a supplemental claim under Illinois law for the intentional infliction of emotional distress (IIED). Finally, Count IV seeks attorney fees pursuant to 42 U.S.C. § 1988.

Defendants have moved to dismiss the entire complaint pursuant to Fed. R. Civ. P. 12(b)(6), contending that the County is not a proper defendant, that plaintiffs have not properly alleged any Federal constitutional claims, and that the state-law claim should be dismissed as time-barred under the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/8-101 (West 2002), or because it fails to state a claim.

In deciding a motion under Rule 12(b)(6), the court accepts all well-pleaded facts as true and draws all reasonable inferences in a plaintiff's favor Pugal v. Board of Trustees of the University of Illinois, 378 F. 3d 659, 662 (7th Cir. 2004). The court will not grant the motion unless the plaintiff can prove no set of facts in support of the claim that will entitle him to relief. Pugal, 378 F. 3d at 662. A plaintiff need not put all of the essential facts in the complaint and, as here, may add them by affidavit or brief in order to respond to a motion to dismiss, so long as the additional facts are consistent with the allegations of the complaint Help At Home, Inc. v. Medical Capital, L.L.C., 260 F. 3d 748, 752-53 (7th Cir. 2001).

While defendants raise several bases for dismissal, the court finds that plaintiffs have not stated any claim upon which relief may be granted. As for the alleged Fourth Amendment violation, plaintiffs have not identified any search or seizure of themselves. Similarly, their allegations do not demonstrate any invasion of privacy by Krieger.

The Supreme Court has recognized a due process right of association for certain "intimate relationships." Roberts v. United States Jaycees, 468 U.S. 609 (1984). Relationships that have familial characteristics such as marriage, child birth, raising and educating children, and cohabitation with relatives, are entitled to constitutional protection as opposed to associations, such as large business enterprises, that are remote from these concerns. Roberts, 468 U.S. at 619-20. Between family relationships and large business associations lie a broad range of human relationships that may make greater or lesser claims to constitutional protection from interference by the State. Roberts, 468 U.S. at 620. Determining the limits of state authority over an individual's freedom to enter into a particular association therefore unavoidably entails a careful assessment of where that relationship's objective characteristics locate it on a spectrum from the most intimate to the most attenuated of personal associations. Roberts, 468 U.S. at 620. Factors that may be relevant to this determination include size, purpose, policies, selectivity, congeniality, and other characteristics that may be pertinent in a particular case. Roberts, 468 U.S. at 620.

Here, there can be no doubt that the alleged intimate relationship between plaintiffs, while not having the familial characteristics that mark society's most intimate relationships, qualifies for heightened protection from state interference based on its objective nature and character. That does not mean, however, that it deserves the same degree of protection as relationships involving more familial qualities, and the constitution will tolerate a higher level of state interference. Whatever that ultimate level of interference might be, plaintiffs here have not come close to alleging any such interference with the relationship itself. The alleged conduct of Krieger simply does not rise to the level of preventing plaintiffs from having a meaningful relationship. Further, the fact that plaintiffs feel individually annoyed or harassed by Krieger says nothing about any impact on the relationship itself. The court also notes that while plaintiffs have mentioned the First Amendment, there are no allegations of any interference with their right of expressive association. See Roberts, 468 U.S. at 618. Thus, the claims in both Count I and II are dismissed.

The next issue is whether plaintiffs have alleged a claim for the Illinois tort of IIED. While this court may dismiss such a supplemental claim upon dismissing the federal claims, see 28 U.S.C. § 1367(c)(3), it has the option to decide the claim on its merits where the appropriate disposition is crystal clear and it is otherwise efficient to do so, see Bilow v. Much, Shelist, Freed, Denenberg, Ament & Rubestein, P.C., 277 F. 3d 882, 896 (7th Cir. 2001). The court finds such latter disposition to be appropriate in this case.

To state a claim for IIED, a plaintiff must allege: (1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct inflict sever emotional distress, or know there is a high probability that it will do so; and (3) the defendant's conduct in fact caused severe emotional distress Doe v. Calumet City, 161 Ill. 2d 374, 392, 641 N.E. 2d 498 (1994). Conduct is extreme and outrageous if it would cause the average member of the community to resent the actor and lead him to shout, "outrageous!" Doe, 161 Ill. 2d at 392. Such conduct is distinguishable from the mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities of a complex society. Doe, 161 Ill. 2d at 392. Whether conduct is extreme or outrageous is judged by an objective standard based on the facts of the case. Doe, 161 Ill. 2d at 392.

Extreme and outrageous conduct can arise from the abuse of a position of power such as a police officer. Doe, 161 Ill. 2d at 392-93. Such conduct, however, must stem from "extreme abuses" of police authority. Doe, 161 Ill. 2d at 393. The result must be akin to extortion. McGrath v. Fahey, 126 Ill. 2d 78, 88, 533 N.E. 2d 806 (1989).

In this case, the allegations (including those in plaintiff's brief) do not rise to the level of extreme and outrageous behavior by Krieger. Although he is alleged to have engaged in such activity as a police officer, he has not actually engaged in any official police conduct directed at plaintiffs. His surveillance and following of plaintiffs is conduct he could engage in whether or not he is a police officer. Krieger's conduct, while entirely inappropriate, is simply nowhere near to being extreme and outrageous as that element of the tort is defined by Illinois courts.

Additionally, there are no allegations of severe emotional distress suffered by either plaintiff. This is a separate basis to dismiss Count III.

Having dismissed all the § 1983 claims, the court necessarily dismisses the § 1988 claim for attorney fees in Count IV.

In dismissing this case, the court in no way condones the alleged conduct of Krieger, nor should any other agency or authority interpret this opinion as justifying Krieger's actions. But this is essentially a personal dispute that should be resolved through local authorities and not by invocation of federal jurisdiction.

For the foregoing reasons, the court grants defendants' motion to dismiss. In doing so the court notes that this action should be brought properly against the Sheriff and not the County. However, this disposition would apply equally to the Sheriff even if the complaint were amended in that regard.